NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                              :
CARLOS POSADA,                :
                              :    Civil Action No. 13-289-BRM
            Petitioner,       :
                              :
      v.                      :    **OPINION**
                              :
CHARLES WARREN, JR.,          :
                              :
            Respondent.       :
_____:

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, submitted by Petitioner Carlos Posada ("Petitioner"), a prisoner confined at New Jersey State Prison in Trenton, New Jersey at the time of filing. (Dkt. No. 1.) For the reasons stated below, the Petition is **DENIED**.

**I. BACKGROUND**

This Court, affording the state court's factual determinations the appropriate deference, *see* 28 U.S.C. § 2254(e)(1)[1], will recount salient portions of the recitation of facts as set forth by the New Jersey Superior Court, Appellate Division:

> Defendant's wife was the victim of the homicide. He killed her on February 11, 2000. At the time, they were separated, and his wife had obtained a restraining order under the Prevention of Domestic

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

> Violence Act, N.J.S.A. 2C:25–17 to –35. According to the factual basis defendant provided at the time of his guilty plea, he went to his wife's home to commit suicide. After he arrived, an altercation ensued, and he stabbed his wife with his knife multiple times in the chest and then stabbed himself.

*State v. Posada*, No. A-0894-10T4, 2012 WL 638478, at *1 (N.J. Super. Ct. App. Div. Feb. 28, 2012).

On post-conviction relief ("PCR") review, the Appellate Division summarized the somewhat complicated procedural history of Petitioner's case.

> Pursuant to an agreement with the State, defendant pled guilty to possession of a weapon with unlawful purpose, N.J.S.A. 2C:39–4, and aggravated manslaughter, N.J.S.A. 2C:11–4a(1), a crime of the first degree subject to a term of imprisonment between ten and thirty years, N.J.S.A. 2C:11–4c, and to terms of parole ineligibility and supervision mandated by the No Early Release Act (NERA), N.J.S.A. 2C:43–7.2. In return, the State agreed to seek amendment of the count of the indictment charging defendant with murder and dismissal of the counts charging defendant with unlawful possession of a weapon, N.J.S.A. 2C:39–5d, and violation of a restraining order, N.J.S.A. 2C:29–9. Defendant entered his guilty plea on August 14, 2001.
>
> On November 7, 2001, the judge merged defendant's convictions and sentenced him to a thirty-year term of imprisonment, with the periods of parole ineligibility and supervision required by NERA. We affirmed his sentence on an appeal argued in accordance with Rule 2:9–11, and the Supreme Court denied defendant's petition for certification. *State v. Posada*, 183 N.J. 214 (2005). Subsequently, on defendant's motion for reconsideration, the Supreme Court remanded for resentencing in conformity with *State v. Natale*, 184 N.J. 458 (2005). *State v. Posada*, 185 N.J. 384 (2005).
>
> On February 24, 2006, defendant was sentenced to the same sentence on remand. On April 29, 2008, we affirmed that sentence on an appeal heard pursuant to Rule 2:9–11. The Supreme Court again denied certification. *State v. Posada*, 196 N.J. 462 (2008).
>
> Defendant filed this petition for post-conviction relief with the trial court on May 18, 2006, which was after his resentencing and before

>resolution of his appeal from that determination. The petition, through which defendant sought to vacate his guilty plea and also relief on a claim of ineffective assistance of counsel, was timely filed. R. 3:22–12. On October 2, 2006, the trial court entered an order permitting defendant to pursue the claims after his appeal was final.
>
>Defendant renewed his applications following denial of his last petition for certification. After hearing argument, the judge denied defendant's requests for relief for reasons stated in a comprehensive oral decision delivered on April 5, 2010.

*Id.* The Appellate Division denied PCR relief, *id.*, and the New Jersey Supreme Court denied the petition for certification, *State v. Posada*, 50 A.3d 41 (N.J. 2012).

On January 13, 2013, Petitioner filed the instant habeas petition. (Dkt. No. 1.) He raises the following grounds for relief:

>GROUND ONE: PETITIONER WAS INCOMPETENT AT THE TIME HE ENTERED HIS GUILTY PLEA AND THE COURT, PROSECUTOR AND DEFENSE COUNSEL ALLOWED HIM TO PROCEED WITHOUT ENSURING THE VALIDITY OF THAT PLEA, DEPRIVING HIM OF HIS SUBSTANTIVE RIGHT TO DUE PROCESS
>
>GROUND TWO: PETITIONER WAS DENIED EFFECTIVE ASSISTANCE FROM COUNSEL IN CONTRAVENTION OF HIS RIGHTS GUARANTEED UNDER, BOTH, THE UNITED STATES CONSTITUTION AND NEW JERSEY CONSTITUTION.
>
>GROUND THREE: PETITIONER'S GUILTY PLEA WAS NOT KNOWINGLY OR VOLUNTARILY ENTERED BECAUSE HE DID NOT HAVE A CORRECT UNDERSTANDING OF THE ELEMENTS AND PENAL CONSEQUENCES OF THE CHARGES, THERE WAS NOT A SUFFICIENT FACTUAL BASIS, THE PLEA WAS OBTAINED IN VIOLATION OF DUE PROCESS AND THEREBY INVALID.
>
>GROUND FOUR: THE FAILURE OF TRIAL COUNSEL TO FULLY INVESTIGATE PETITIONER'S STATE OF MIND AT THE TIME OF THE INCIDENT, THE FAILURE TO PRESENT

> EVIDENCE ESTABLISHING PETITIONER'S ABILITY TO ENTER A VALID PLEA OF GUILTY DESPITE THE AMOUNT OF MEDICATIONS HE WAS TAKING AT THAT TIME, AND THE FAILURE TO FULLY AND TRUTHFULLY TELL PETITIONER THE TERMS OF THE PLEA BARGAIN, RESULTED IN A COERCED PLEA OF GUILTY. AS SUCH, A HEARING WAS REQUIRED TO DETERMINE WHY COUNSEL DID NOT INVESTIGATE POSSIBLE DEFENSES AND WHY PETITIONER ASSERTS THAT HE WAS TOLD THAT HE WOULD BE SENTENCED TO A LESSER SENTENCE DUE TO HIS EXTREME MENTAL ILLNESS, AS WHAT APPEARS IN THE RECORD IS A VIOLATION OF PETITIONER'S CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

(Dkt. No. 1 at 10-19 (capitalization in original).)

## II. LEGAL STANDARD

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254 provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> . . .
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . .

28 U.S.C. § 2254.

"§ 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *Glenn v. Wynder*, 743 F.3d 402, 406 (3d Cir. 2014). Section 2254(a) permits a court to entertain only claims alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States." *Id.*

A federal court's authority to grant habeas relief is further limited when a state court has adjudicated petitioner's federal claim on the merits. *See* 28 U.S.C. § 2254(d).[2] If a claim has been adjudicated on the merits in state court proceedings, this Court "has no authority to issue the writ of habeas corpus unless the [state court's] decision 'was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Parker v. Matthews*, 132 S.Ct. 2148, 2151 (2012) (quoting 28 U.S.C. § 2254(d)). However, when "the state court has not reached the merits of a claim thereafter presented to a federal habeas court, the deferential standards provided by AEDPA . . . do not apply." *Lewis*, 581 F.3d at 100 (quoting *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001)).

---

[2] "[A] claim has been 'adjudicated on the merits in State court proceedings' when a state court has made a decision that finally resolves the claim based on its substance, not on a procedural, or other, ground." *Lewis v. Horn*, 581 F.3d 92, 100 (3d Cir. 2009) (quoting *Thomas v. Horn*, 570 F.3d 105, 117 (3d Cir. 2009)). "Section 2254(d) applies even where there has been a summary denial." *Pinholster*, 563 U.S. at 187. "In these circumstances, [petitioner] can satisfy the 'unreasonable application' prong of § 2254(d)(1) only by showing that 'there was no reasonable basis' for the [state court's] decision." *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 98 (2011)); *see also Johnson v. Williams*, 133 S.Ct. 1088 (2013) ("When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits—but that presumption can in some limited circumstances be rebutted").

5

A court begins the analysis under § 2254(d)(1) by determining the relevant law clearly established by the Supreme Court. *See Yarborough v. Alvarado*, 541 U.S. 652, 660 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). "[C]ircuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,' [and] therefore cannot form the basis for habeas relief under AEDPA." *Parker*, 132 S.Ct. at 2155 (quoting 28 U.S.C. § 2254(d)(1)).

A decision is "contrary to" a Supreme Court holding within 28 U.S.C. § 2254(d)(1), if the state court applies a rule that "contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a [different result.]" *Williams*, 529 U.S. at 405–06. Under the "'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. However, under § 2254(d)(1), "an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington v. Richter*, 562 U.S. at 101 (quoting *Williams,* 529 U.S. at 410). "If this standard is difficult to meet—and it is—that is because it was meant to be." *Burt v. Titlow*, 134 S.Ct. 10, 16 (2013) (citations and internal quotation marks omitted). The petitioner carries the burden of proof, and review under § 2254(d) is limited to the record that was before the state court that adjudicated the claim on the merits.

6

*Pinholster*, 563 U.S. at 181.

## III. DECISION

### A. Competency at Plea Hearing (Ground One)

In his first ground for relief, Petitioner argues that he was incompetent at the time he entered his guilty plea in state court because he was under the influence of a "number of powerful psychotropic medications that were being administered to him by and through state agents as treatment for his mental illness." (Dkt. No. 1. ¶ 12(a)(1).) Petitioner raised this issue in his PCR petition, where it was denied. Specifically, the PCR court held that:

> [T]he defendant knowingly, voluntarily, and intelligently entered into the plea agreement.
>
> The defendant has failed to produce any evidence to support his assertion that he was under the influence of prescription drugs, which altered his ability to think and give knowing and voluntary consent. Mr. Posada simply asserts that he was under medications and that's according to his certification, Paragraph 21. However, the specific medications have not been identified.
>
> Mr. Posada has provided the court with medical records, which purport to show a list of medications that Mr. Posada was taking. However, these records are partly indecipherable and it's unclear whether these medications were -- were being taken at the time of the plea.
>
> The medication orders cover a period of time in the year 2000. Records have not been provided for the time period at or about the time of the plea, which occurred in August of 2001. Further, the Court notes that the defendant has not provided an expert report or any type of certifications which details the medications he was taking or how they affected his judgment. Likewise, Mr. Posada, in his certification, has not set forth specific medications that he was taking or that -- how they may have affected him.
>
> In short, Mr. Posada's allegations of impaired judgment due to prescription medicine are vague, conclusory, and speculative, and not supported by the proofs.

7

> Moreover, the transcripts of the plea and sentencing reflect that Mr. Posada -- reflect Mr. Posada's continued understanding of the proceedings. The transcript indicates that Mr. Posada was able to articulate yes and no answers and that he responded appropriately to questions posed to him.
>
> Further, the defendant -- or further, the record reflects that Mr. Posada understood the proceedings. Moreover, the Court expressly found that the defendant, "admitted that he has stabbed his wife and that it caused her death and that he knows he's pled guilty to aggravated manslaughter in the first degree,'' and that's the transcript, Page 11, at Judge Bozonelis's taking of the plea.
>
> Accordingly, this Court finds that the defendant fails to establish that he was under the influence of prescription medicine, which impaired his ability to appreciate the proceedings, and therefore, concludes that the defendant knowingly, voluntarily, and intelligently entered into the plea.

(Answer Pet. for Writ of Habeas Corpus, Ex. 5T, Tr. of Post-Conviction Relief Mot., Apr. 5, 2010 (Dkt. No. 8-32) at 25:4-27:5.)  On appeal, the Appellate Division affirmed for substantially the reasons stated by the PCR court. *Posada*, 2012 WL 638478, at *4.

To be competent to plead guilty or stand trial, a defendant must have a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and must possess "a rational as well as factual understanding of the proceedings against him." *Taylor v. Horn*, 504 F.3d 416, 430-31 (3d Cir. 2007) (citing *Dusky v. United States*, 362 U.S. 402 (1960) and *Drope v. Missouri*, 420 U.S. 162, 171-72 (1975) ("[A] person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial.")). "[C]ompetency is a state court factual finding that, if supported by the record, is presumed correct. Implicit factual findings are presumed correct under § 2254(e)(1) to the same extent as express

factual findings. Thus, here, the state courts' implicit and explicit factual findings that [petitioner] was competent are presumed correct, unless [petitioner] can rebut "the presumption of correctness by clear and convincing evidence." *Taylor*, 504 F.3d at 433 (internal citations omitted).

Here, Petitioner did not raise any issues regarding his competency until he filed his PCR petition. He rests his entire incompetency argument on the fact that he was allegedly taking medication at the time of his plea hearing. However, as properly found by the PCR court, Petitioner presented no evidence to support the allegation that he was taking medication at the time of his plea. As the state court also found, the records provided, including the report of Dr. Riestra, do not address the medication issue at the time of the plea hearing, only the time period surrounding the murder.[1] There is simply nothing in the record to indicate that Petitioner was incapable of "consulting with his lawyer with a reasonable degree of rational understanding" and or that he did not possess "a rational as well as factual understanding of the proceedings against him." The Court finds that the state court's adjudication of this claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

## B. Ineffective Assistance of Counsel (Ground Two)

Petitioner alleges that trial counsel was ineffective in the following ways: (1) she

---

[1] Moreover, even if he was on medication during the plea hearing, the taking of medications in itself does not show that he was mentally incompetent. *See Layne v. Moore*, 90 F. App'x 418, 423 (3d Cir. 2004); *Sheley v. Singletary*, 955 F.2d 1434, 1439 (11th Cir. 1992) (concluding that a "bare allegation of the level of psychotropic drugs administered to petitioner before entering his plea" is not sufficient to demonstrate incompetence to enter a plea).

9

improperly informed Petitioner that his charge of Possession of a Weapon for an Unlawful Purpose was a second degree offense and carried a possible term of ten years; and (2) she improperly informed Petitioner as to the elements and mandatory period of parole ineligibility for aggravated manslaughter.[2]  (Dkt. No. 1 ¶ 12(a).)

Petitioner raised this claim in his PCR petition, where it was denied by the court:

> Further, the Court finds that the defendant's ineffective assistance of counsel claim, grounded in the assertion that defense counsel failed to explain the consequences of his plea, is without merit.
>
> The record indicates that at the plea hearing, Ms. Kay advised Mr. Posada of the monetary fines, and that's at Page 5 of the transcript. That he will be required to serve 85 percent of his sentence before he becomes eligible for parole, that's at Page 8.
>
> And that the prosecutor has agreed to recommend to the judge a sentence of 30 years in New Jersey State Prison, that's at Page 6. In fact, counsel advised Mr. Posada that on a 30 year sentence, he would have parole ineligibility of 25 years and 6 months, at that's at Page 9.
>
> The record also reflects that Mr. Posada was shown a copy of the plea form and that he signed and initialed same. The supplemental plea form clearly indicates that parole ineligibility is 25 years and 6 months.
>
> Further, Mr. -- Mr. Posada indicated that no one forced him or threatened him to sign the plea form, that's at Page 4. And that he was satisfied with the advice he received from Ms. Kay and that he did not have any questions concerning the plea, that's Page 8.

---

[2] Petitioner also alleges that counsel failed to conduct any pre-trial investigation of law or facts. (Dkt. No. 1 ¶ 12(a)(12).)  To support this ground, Petitioner states only that counsel failed to ascertain the essential elements and penal consequences for the crimes to which she advised him to plead guilty.  (*Id.*)  This appears to be simply a restatement of the other two ineffective assistance claims, but to the extent it is not, it is clear that counsel did in fact conduct a pre-trial investigation of the law and facts, as evidenced by the expert report she presented to the court from Dr. Riestra regarding Petitioner's mental state, and the arguments she made during sentencing. (Answer Pet. for Writ of Habeas Corpus, Ex. 2T, Tr. of Proceedings Sentence, Nov.7, 2001 (Dkt. No. 8-29) at 4:20-7:17.)  Petitioner is not entitled to relief on this ground.

> It should also be noted that at the plea, Mr. Posada did have the services of a court appointed interpreter.
>
> As the record clearly demonstrates that counsel walked through the plea agreement with the defendant and advised him of the consequences of the plea of guilty. The Court finds that Mr. Posada has failed to demonstrate that counsel's performance was deficient.
>
> It should also be noted that Mr. Posada's claim that he did not consult with counsel before his plea lacks merit. The records -- the record in this case reflects that Ms. Kay, according to the visitor -- visitor log records from the Morris County Correctional Facility, that Ms. Kay visited Mr. Posada at least ten times prior to the plea on August 14th, 2001, and then at least two other times prior to the sentence on November 7th, 2001.

(Dkt. No. 8-32 at 27:6-28:24.) On appeal, the Appellate Division affirmed for substantially the reasons stated by the PCR court. *Posada*, 2012 WL 638478, at *4.

The Sixth Amendment, applicable to states through the Due Process Clause of the Fourteenth Amendment, guarantees the accused the "right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984).

A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. *See Strickland*, 466 U.S. at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. "[C]ounsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Pinholster*, 563 U.S. at 189 (citing *Strickland*, 466 U.S. at 690). "To overcome that

11

presumption, a defendant must show that counsel failed to act 'reasonabl[y] considering all the circumstances.'" *Id.* (citing *Strickland*, 466 U.S. at 688).

Further, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors were so serious that they were outside the wide range of professionally competent assistance. *Id.*

To satisfy the prejudice prong, the defendant must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding' . . . Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Richter*, 562 U.S. at 104 (citing *Strickland*, 466 U.S. at 687). As the Supreme Court explained,

> In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

*Strickland*, 466 U.S. at 695-96.

In the context of a guilty plea, the prejudice prong of the test requires a showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Such a showing requires "more than a bare allegation" that the defendant would have gone to trial. *See Parry v. Rosemeyer*, 64 F.3d 110, 118 (3d Cir. 1995), superseded by statute on other grounds as recognized in *Dickerson v. Vaughn*, 90 F.3d 87, 90 (3d Cir. 1996). Rather, a defendant must show that a decision to proceed to trial "would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

The Supreme Court instructs that a court need not address both components of an ineffective assistance claim "if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

Here, Petitioner alleges that his counsel incorrectly advised him about the charge of Possession of a Weapon for Unlawful Purpose. Specifically, because Petitioner only had a knife, his charge of Unlawful Possession of a Weapon pursuant to N.J.S.A. 2C:39-4(d) should have been considered a third degree crime. Instead, he was improperly charged with, and pled guilty to, a second degree unlawful weapon charge, which only applies when the weapon is a firearm. As conceded by Respondent, it appears that counsel, the state and the court incorrectly charged, and allowed Petitioner to plead guilty to, a second degree charge with regard to the possession of the knife. However, as also correctly stated by Respondent, Petitioner has not alleged that he would not have pled guilty to the charges and insisted on going to trial had he been aware of that the unlawful weapon charge was a third degree, not second degree offense. *See Hill*, 474 U.S. at 59.

13

Nor would it have been rational to reject the plea offer and insist on going to trial if the possession of the weapon charge was third degree instead of second degree. *See Padilla*, 559 U.S. at 372. It is indisputable that Petitioner stabbed his wife to death and the primary purpose of the plea bargain was to reduce his charge of first degree murder to aggravated manslaughter. The relatively minor change from a second degree crime to a third degree crime for the weapon charge would not make a decision to reject the plea offer and go to trial a rational one; especially considering the fact that merger of the weapon charge with the manslaughter charge was likely and in fact occurred. Because Petitioner has not established that but for counsel's failure to properly advise him that the weapon charge should have been third degree instead of second degree, he could have rationally rejected the plea offer and insisted on going to trial, habeas relief is denied on this ground.

Petitioner's claim regarding counsel's advice on the manslaughter charge is also without merit. As found by the PCR court, counsel properly advised Petitioner that pursuant to New Jersey's No Early Release Act, N.J.S.A. 2C:43-7.2, he must serve 85 percent of his 30 year sentence for aggravated manslaughter before he will be eligible for parole. (Dkt. No. 8-32 at 27:12-28:1.) This amounts to a mandatory period of 25 ½ years before Petitioner will be eligible for parole, as counsel and the plea form properly informed him. (*Id.*)

It appears that Petitioner is arguing that because the aggravated manslaughter statute states that the possible term of imprisonment ranges from 10 years to 30 years, *see* N.J.S.A. 2C:11-4(c), counsel should have informed him that the lowest possible mandatory minimum for an aggravated manslaughter charge was only 8 ½ years (i.e. 85 percent of a 10 year sentence). Even if the Court

14

were to accept Petitioner's proposition that counsel should have informed him of that possibility,[3] Petitioner has not shown that but for counsel's "mistaken" advice, a decision to proceed to trial "would have been rational under the circumstances." *Padilla*, 559 U.S. at 372. Specifically, if Petitioner rejected the plea agreement and went to trial, he faced a first degree murder charge carrying a sentence of 30 years to life, with a mandatory period of 30 years parole ineligibility. Pursuant to the plea agreement of a reduced charge of aggravated manslaughter, the maximum sentence he faced was 30 years, with 25 ½ years of parole ineligibility. It is unclear how the knowledge that a manslaughter charge possibly carried only a 10 year sentence would have affected Petitioner's decision since he had already decided to plead guilty to that charge even when he thought it possibly carried a 30 year sentence. Certainly, if he was willing to plead guilty when the possible sentence was 30 years, he would have been willing to plead guilty if he thought the lowest sentence was 10 years. Because Petitioner has not established that but for counsel's failure to advise him as to the lowest sentencing exposure under the manslaughter statute, he would have rejected, or could have rationally rejected, the plea offer and insisted on going to trial, habeas relief is denied on this ground.

## C. Factual Basis for Guilty Plea (Ground Three)

Most of the arguments contained in Ground Three of the Petition are a restatement of his claims in Ground Two. The only new argument is that his due process rights were violated because there was no factual basis for his guilty plea to aggravated manslaughter. However, pursuant to 28 U.S.C. § 2254, "[i]n a proceeding instituted by an application for a writ of habeas

---

[3] While Petitioner is correct that the aggravated manslaughter statute does state that a sentence for said crime ranges between 10 and 30 years, N.J.S.A. 2C:11-4(c), his plea agreement included the stipulation that the state would seek the statutory maximum of 30 years, making his mandatory period of parole ineligibility 25 ½ years.

15

corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Here, the trial court heard testimony from Petitioner regarding the crime and based on that testimony, determined that the guilty plea to aggravated manslaughter was appropriate. (Answer Pet. for Writ of Habeas Corpus, Ex. 1T, Tr. of Proceedings Plea, Aug. 14, 2001 (Dkt. No. 8-28) at 10:4-11:19.) That factual finding by the state court is presumed to be correct and Petitioner has not rebutted that presumption by clear and convincing evidence.

Additionally, the Third Circuit has held that "the Due Process Clause of the Fourteenth Amendment to the United States Constitution does not require an on-the-record development of the factual basis supporting a guilty plea before entry of the plea, and the failure of a state court to elicit a factual basis before accepting a guilty plea does not in itself provide a ground for habeas corpus relief under 28 U.S.C. § 2254." *Meyers v. Gillis*, 93 F.3d 1147, 1151 (3d Cir. 1996). Habeas relief on Ground Three of the Petition is denied.

### D. Evidentiary Hearing (Ground Four)

In his final ground for relief, Petitioner argues that it was a violation of his due process rights when the state court denied his PCR petition without conducting an evidentiary hearing. Claims based on state law error are not cognizable. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Furthermore, "the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation." *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998); *see also Lambert v.*

16

*Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004) ("[H]abeas proceedings are not the appropriate forum for Lambert to pursue claims of error at the PCRA proceeding."). Thus, petitioner's claim that the state court should have conducted an evidentiary hearing prior to denying his ineffective assistance of counsel claims is not properly before this Court as a ground for habeas relief. *Accord Davis v. New Jersey*, No. 12–5748, 2014 WL 2615657, at *17 (D.N.J. June 12, 2014); *Vreeland v. Warren*, No. 11–5239, 2013 WL 1867043, at *4 n. 2 (D.N.J. May 2, 2013).

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, no certificate of appealability shall issue.

## V. CONCLUSION

For the above reasons, the § 2254 habeas petition is **DENIED**, and a certificate of appealability will not issue. An appropriate Order follows.

Date:   October 28, 2016                              /s/ Brian R. Martinotti
                                                                     HON. BRIAN R. MARTINOTTI
                                                                     United States District Judge